William C. STUBBS, Petitioner-Appellant,

v.

Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 15127.

United States Court of Appeals Sixth Circuit.

June 28, 1963.

**536**

---

Thomas R. Swisher (court appointed), Cincinnati, Ohio, for appellant.

Henry C. Foutch, Nashville, Tenn., for appellee; Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., on the brief; George F. McCanless, Atty. Gen., of counsel.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and FOX, District Judge.

### Order

This cause is before the Court on the appeal of William C. Stubbs, petitioner-appellant, from an order of the United States District Court for the Middle District of Tennessee denying his petition for a writ of habeas corpus. The case was submitted to the Court upon the record in the District Court and the briefs and oral arguments of counsel.

The appellant was convicted on four separate felony offenses in the Criminal Court of Sullivan County, Tennessee. He was represented by three lawyers appointed by the trial judge. No appeal was taken to the Supreme Court of Tennessee.

Subsequently the appellant filed a petition for a writ of habeas corpus in the Criminal Court of Davidson County, Tennessee. This petition was dismissed after a hearing before the court. The appellant was represented by counsel and no appeal was taken to the Supreme Court of Tennessee. Such an appeal could have been taken on a pauper's oath. Sections 23–1836, as amended, chapter 49, section 1, Acts of 1959, and 20–1629 Tennessee Code Annotated.

After the petition was dismissed in the Criminal Court for Davidson County, the appellant filed his petition in the United States District Court. The district judge denied the petition for the reason that the appellant had failed to exhaust all of his available remedies under the laws of the state of Tennessee in accordance with the requirement of Section 2254, Title 28 U.S.C. It is this order denying the petition for a writ of habeas corpus that is now before this Court on appeal.

The appellant has presently available a remedy by which he can prosecute an action for a writ of habeas corpus through the Supreme Court of Tennessee. Sections 23–1801, 23–1836 as amended, and 20–1629, Tennessee Code Annotated. Until such action is taken the appellant has not exhausted his presently available remedies under the laws of the state of Tennessee as required by Section 2254, Title 28 U.S.C. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

It is therefore ordered and adjudged that the judgment of the District Court be and it is hereby affirmed.