# LEMOTTIS RICHMOND, Petitioner, v. LAKE F. RUSSELL, Warden, Respondent.

## 454 S.W.2d 155.

Court of Criminal Appeals of Tennessee. Feb. 4, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Hugh W. Stanton, Jr., Walker Gwinn, Memphis, for petitioner.

346

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

MITCHELL, Judge.

Lemottis Richmond, the petitioner below, now indigent and represented by court appointed counsel, has appealed the dismissal without evidentiary hearing of his petition for writ of habeas corpus by Division I of the Criminal Court of Shelby County, Honorable Perry H. Sellers, Judge, presiding.

The petitioner was a juvenile, sixteen years of age. On January 25, 1968, the Juvenile Court of Shelby County, after hearing duly had, found petitioner Lemottis Richmond was charged with the offenses of robbery with a deadly weapon, carrying a pistol, and larceny of an automobile on January 20, 1968. That he was not reasonably susceptible to corrective treatment in any available institution or facility within the State for the care and treatment of children. Therefore it was ordered that Juvenile Court jurisdiction be waived pursuant to T.C.A. § 37-264(1) (a) and that petitioner be held for prosecution and sentencing as an adult and committed to the Shelby County Jail to await the action of the Grand Jury.

On January 30, 1968, the Grand Jury of Shelby County returned an indictment against Lemottis Richmond and two others charging robbery of Winnie Isom on January 20, 1968.

On June 25, 1968, Lemottis Richmond, represented

by privately retained counsel executed a written petition for waiver of trial by jury and request for acceptance of plea of guilty in which he said he had received and read the indictment, discussed it with his attorney and understood the nature of the charges against him, and had told his attorney the facts and circumstances concerning the accusation and his attorney had informed him the nature and cause of the charges and the punishment, and that if accepted by the court the punishment on a plea of guilty would be three to five years. That petitioner of his own free will, without any threats or pressure and without any promises of gain or favor, in open court, requested the court to waive trial by jury and accept his plea of guilty, and waived his right to a motion for new trial and appeal. This petition was signed by petitioner, concurred in by his counsel and the Assistant Attorney General.

The minutes of the court of June 25, 1968, showed the petitioner, in open court, represented by counsel, having waived jury trial under T.C.A. § 40-2504, pleaded guilty of larceny from the person and submitted his case to the trial judge for decision as to guilt and punishment. The trial judge then fixed the punishment at not more than five years in the State Penitentiary, and pronounced judgment accordingly.

On December 10, 1968, the petitioner filed a petition which he has styled a petition for writ of habeas corpus in the Criminal Court of Shelby County in which he alleged he is being unlawfully restrained and deprived of his liberty by confinement in the State Penitentiary under conviction and judgment which are null and void, because at the time of alleged offense, indictment and con-

viction he was only sixteen years of age, and the Criminal Court of Shelby County had no jurisdiction of the offense. That he should have been tried in the Juvenile Court. That there was no trial before a jury, no proof heard on his plea of guilty. That his plea of guilty was null and void, not voluntary and not made with proper or full understanding of the consequences of the plea in that he was inadequately represented and given improper advice by his retained counsel, with respect to the consequences of his plea, and by faulty advice of retained counsel who did not advise him of his right to make a motion for a new trial and appeal and he was denied the right to appeal.

That the indictment charged robbery with a deadly weapon and he was convicted of larceny from the person. That he was generally deprived of his State and Federal constitutional right to a fair trial.

On December 13, 1968, the Public Defender was appointed to represent petitioner.

December 20, 1968, the Assistant District Attorney General filed a motion to strike the petition. On January 2, 1969, the motion to strike was sustained, the petition stricken and petitioner appealed.

The assignments of error are summarized as follows:

That because the petitioner was under eighteen years of age at the time of the commission of the offense, indictment, trial and conviction, the Criminal Court was without jurisdiction to try him.

That he was denied the benefit of counsel and denied a fair trial because of the incompetent representation,

inadequate and improper advice of privately retained counsel.

That the trial court erred in refusing to grant an evidentiary hearing on the allegations in the petition.

That the trial court erred in summarily dismissing the petition when the motion to strike filed by respondent, failed to annex the authority under which the petitioner was being restrained as required by T.C.A. § 23-1823.

█ With reference to the question of juvenile court jurisdiction, the petition alleges the petitioner was sixteen years of age. The record shows the Juvenile Court waived jurisdiction and remanded petitioner to the Criminal Court under the provisions of T.C.A. § 37-264 (1) (a) which is as follows:

"'37-264. *Child held for prosecution and sentencing as adult—Authority of court.*—(1) The juvenile court after full investigation and hearing may order a child held for prosecution and sentencing as an adult in the court which would have jurisdiction if the child were an adult when:

(a) A child sixteen (16) years of age or over is alleged to have committed an act which would have been a felony if committed by an adult, and a finding is made by the juvenile court that the child is not reasonably susceptible to the corrective treatment in any available institution or facility within the state designed for the care and treatment of children or that the safety of the community requires the child to continue under restraint for a period extending beyond his twenty-first birthday."

■ With reference to the assignment which complains of the incompetency and inadequacy of retained counsel, the petitioner's brief seems to recognize that the opinion of our Supreme Court in State ex rel. Richmond v. Henderson, 439 S.W.2d 263 has settled those questions. In that case the court said:—

"The standard applied by the overwhelming majority of federal courts in considering this question is stated as follows:

'Incompetency of counsel such as to be a denial of due process and effective representation by counsel must be such as to make the trial a farce, sham, or mockery of justice.'"

\* \* \* \* \* \*

"\* \* \* Intervention by this court requires that the denial of relator's rights be the doing of the state. There is no indication here that the state participated in any such denial. \* \* \*"

\* \* \* \* \* \*

"When counsel is retained by defendant to represent him in a criminal case he acts in no sense as an officer of the state."

"In the light of these authorities the allegations in the habeas corpus petition presented no grounds for voiding the judgments entered on the pleas of guilty."

■ Responding to the last assignment of error, petitioner contends the case should be reversed and remanded because of the failure of respondent to annex the authority under which respondent is holding petitioner, as required by T.C.A. § 23-1823 and that the Court

erred in summarily dismissing the petition. An applicable provision of T.C.A. § 23-1823 is as follows:

"23-1823. *Contents of defendant's answer.*—The person served with the writ shall state in his return, plainly and unequivocally:

\* \* \* \* \* \*

"(2) If the party is detained under a writ, warrant, or other written authority, a copy thereof shall be annexed to the return, and the original shall be produced and exhibited to the court or judge, if required."

In support of this assignment petitioner relies on the opinion of Supreme Court of Tennessee in Ussery v. Avery, 432 S.W.2d 656 (1968) which held the provisions of T.C.A. § 23-1823 are mandatory and require rigid and literal compliance.

We are aware of the strict requirements of Ussery v. Avery, supra, but as pointed out in the Attorney-General's brief, this petition, though styled petition for writ of habeas corpus, is, we think one for post-conviction relief under the provisions of T.C.A. §§ 40-3801 to 40-3808 and may be so treated in the trial court.

T.C.A. § 40-3808 provides:

"40-3808. *Petitions for habeas corpus may be treated as petitions under this chapter.*—A petition for habeas corpus may be treated as a petition under this chapter when the relief and procedure authorized by this chapter appear adequate and appropriate, notwithstanding anything to the contrary in title 23, chapter 18 of the Code, or any other statute. (Acts 1967, ch. 310, § 7.)"

We think the relief and procedure authorized by the Post-Conviction Procedure Act appear adequate and appropriate for the adjudication of the questions raised in the petition.

The Post-Conviction Procedure Act, under which the petition was apparently considered, does not contain any mandatory provisions that respondent annex the authority under which petitioner is held.

The petitioner, Lemottis Richmond is now over eighteen years of age and no longer subject or answerable to juvenile court jurisdiction. The same situation existed in the case of Vernon Lee Shepard and Bobby Lee Owen v. C. Murray Henderson, Warden, from Shelby County in which Judge W. Wayne Oliver of this Court wrote the opinion which was filed October 20, 1969. In that case, Owen became nineteen years of age before the opinion was filed. The court said:

"All other questions aside, obviously it would irreparably rend the fabric of the law to reverse his convictions now upon the theory that his juvenile court hearing abridged his constitutional rights, when, in fact, he is no longer a juvenile and is not now subject to the jurisdiction of the juvenile court and would not now be entitled to go back to that court for an initial hearing. The legislative intent and policy expressed in the Juvenile Court Act do not contemplate protection of those whose age places them beyond its reach." Shepard and Owen v. Henderson, supra.

The assignments of error are overruled and the judgment of the trial court is affirmed.

We are grateful to court appointed counsel for excellent service rendered in this case.

RUSSELL and HYDER, JJ., concur.