JOHNNIE PORTER, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 455 S.W.2d 159.

Court of Criminal Appeals of Tennessee. Feb. 16, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

Hugh W. Stanton, Jr. Edward G. Thompson, Walker Gwinn, Asst. Public Defenders, Memphis, for petitioner.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

MITCHELL, Judge.

Johnnie Porter, petitioner below, who will be referred to by name or as petitioner, indigent and represented by court appointed counsel, has appealed the dismissal of his habeas corpus petition without an evidentiary hearing, in the Criminal Court of Shelby County, Tennessee, Honorable Ben L. Hooks, Judge, presiding.

Johnnie Porter, petitioner, was indicted in the Criminal Court of Shelby County on December 12, 1967, on charges of Grand Larceny of $260.00 in money and receiving and concealing stolen money. Being unable to employ counsel, at petitioner's request, the Court on January 4, 1968, appointed the Public Defender to represent him.

On February 27, 1968, Johnnie Porter executed a petition for a plea of guilty signed by him and his attorney in which he said he had received a copy of the indictment, had read and discussed it with his attorney and felt that he understood the accusation. That he had told his attorney facts and circumstances concerning the matters in the indictment. That his attorney had informed him of the nature and cause of the charges and possible defenses, and the punishment provided by law, that the punishment was three (3) to ten (10) years in the penitentiary and if the plea of guilty was accepted the punishment would be three (3) years in the penitentiary. That he was advised he had the right to plead not

guilty and have a public jury trial, to see and hear the witnesses against him and have the power of the court to bring witnesses in his favor. That in the exercise of his own free will and choice free from any threats and pressure of any kind, without any promises of gain or favor, and fully aware of the action he was taking, he did in open court request the court to accept his plea of guilty, and he did waive his right to a motion for a new trial and appeal. The trial judge, after having made a diligent and cautious investigation of the request for a plea of guilty, then made a certificate that he had questioned the petitioner and his attorney in open court, ascertained the petitioner intelligently and understandingly waived his right to a trial and of his own free will and choice without any threats or pressure of any kind or any kind of promises, other than the recommendation of the State as to the punishment. That the petitioner did desire to enter a plea of guilty and accept the recommendation of the State as to the punishment, waived his right to a motion for a new trial and appeal.

The minutes of the court show the petitioner Johnnie Porter pleaded guilty of grand larceny that a jury was sworn, made a finding of guilty of grand larceny and fixed the punishment at three years in the State penitentiary upon which the trial judge pronounced judgment.

On July 18, 1968, Johnnie Porter filed in the Criminal Court of Shelby County a pleading which he styled a petition for writ of habeas corpus in which he alleged he is illegally confined in the penitentiary under a null and void conviction and sentence. (1) That after his arrest he was held incommunicado denied counsel and constantly questioned by police officers for 72 hours.

(2) Police Officers promised him if he confessed he would get only a 6 month sentence. (3) That his indictment was insufficient in that it did not show the code section alleged to have been violated. (4) He was not given the right to counsel at his preliminary hearing and arraignment, nor advised of the right to counsel. (5) That he was coerced into making a confession which was made without his being advised of his right to counsel.

On February 26, 1968, the Public Defender was appointed to represent petitioner. December 13, 1968, a hearing was had on the State's motion to strike the petition. The court sustained the motion to strike on December 3, 1968. The petition was stricken and petitioner appealed.

We think the trial court correctly treated the petition as one for post-conviction relief and that this case is controlled by the provisions of the Post-Conviction Procedure Act T.C.A. § 40-3801 to T.C.A. § 40-3824.

Petitioner complains of the action of the court in dismissing his petition without an evidentiary hearing. In considering this assignment we must recognize the fact that the Post-Conviction Procedure Act authorizes the trial court to dismiss the petition without an evidentiary hearing where the petition conclusively shows petitioner is entitled to no relief. T.C.A. § 40-3809.

We hold that his petition conclusively shows the petitioner is entitled to no relief.

In assignment of error (3) complaint is made that respondent failed to annex the authority under

which petitioner was being held as required by T.C.A. § 23-1823.

We are aware of the provisions of T.C.A. § 23-1823 and the rigid requirements of Ussery v. Avery, Tenn., 432 S.W.2d 656, but we are of the opinion that these authorities apply to habeas corpus cases and not to cases under the provisions of the Post-Conviction Procedure Act.

The other complaints made in the petition and other questions raised by the assignments of error are waived by the voluntary understandable plea of guilty entered by petitioner.

This court held in James L. Burger v. State from Mc-Minn County in a learned opinion by Judge W. Wayne Oliver, filed December 31, 1969, as follows:—

"The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir.1967); Moore v. Rodriguez, 376 F.2d 817 (10th Cir.1967); Briley v. Wilson, 376 F.2d 802 (9th Cir.1967); Salazar v. Rodriguez, 371 F.2d 726 (10th Cir.1967); McCord v. Henderson, 384 F.2d 135 (6th Cir.1967); Gray v. Johnson, 354 F.2d 986 (6th Cir.1965); Gallegos v. Cox, 358 F.2d 703 (10th Cir.1966)."

The assignments of error are overruled and the judgment of the trial court is affirmed.

We commend court appointed counsel for the excellent brief and diligent representation of the rights of petitioner in this case.

RUSSELL and HYDER, JJ., concur.