**Basil H. RUTTER, Petitioner-Appellant,**

v.

**W. H. WRIGHT, Assistant Deputy Warden, etc., Respondent-Appellee.**

**No. 20245.**

United States Court of Appeals, Sixth Circuit.

March 31, 1971.

---

William E. Bowman (Court appointed), Greeneville, Tenn., for petitioner-appellant.

R. Jackson Rose, Nashville, Tenn., for respondent-appellee; James C. Dale, III, Sp. Counsel, Nashville, Tenn., on the brief; David M. Pack, Atty. Gen. and Reporter, State of Tenn., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

The question presented on this appeal is whether under the averments of the petition in this habeas corpus case Rutter, the petitioner, must exhaust his remedies under the Tennessee Post-Conviction Procedure Act of 1967 before seeking federal habeas corpus relief. The District Court held that State remedies first must be exhausted. We affirm this part of the decision of the District Court.

The Tennessee Post-Conviction Procedure Act was enacted in 1967 and is codified at T.C.A. §§ 40–3801 to 3824. It should not be confused with the earlier Tennessee statute governing habeas corpus proceedings in the State courts, T.C.A. §§ 23–1801 to 1839. This earlier statute originated with Tennessee's first official code in 1858.

The Post-Conviction Procedure Act of 1967 provides that a petition for habeas corpus filed in the State courts may be treated as a petition under the Act when the relief and procedure authorized by the Act appear adequate and appropriate, notwithstanding anything to the contrary in the earlier State habeas corpus statute. T.C.A. § 40–3808. This procedure has been approved by the Tennessee courts. Porter v. State, 455 S. W.2d 159, 160 (Court of Criminal Appeals of Tennessee). For all practical purposes the Post-Conviction Procedure Act of 1967 appears to have superseded the earlier State habeas corpus statute.

When a remedy is available to a State prisoner under the Tennessee Post-Conviction Procedure Act of 1967, that remedy must be exhausted before the prisoner may proceed by federal habeas corpus. 28 U.S.C. § 2254; Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir.). *Compare*: Stubbs v. Bomar, 321 F.2d 535 (6th Cir.); Wooten v. Bomar, 267 F.2d 900 (6th Cir.), cert. denied, 361 U.S. 888, 80 S.Ct. 161, 4 L.Ed.2d 122.

Rutter challenges the validity of some, but not all, of his State court convictions on a number of federal and State constitutional grounds. The time period for appeal from his convictions has expired. Rutter concedes that he has made no ef-

fort to seek post-conviction relief in the State courts. He contends that any such attempt would be a futile act under the decision of the Supreme Court of Tennessee in Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, which would require him to serve all unchallenged sentences before filing a petition under the Tennessee Habeas Corpus Act attacking the validity of any challenged sentence.

We hold that Rutter's reliance on Ussery v. Avery is misplaced. That decision was concerned with a proceeding under the earlier Tennessee Habeas Corpus statute, not the Post-Conviction Procedure Act of 1967.

The issue in the present case is whether a procedure for relief is available to Rutter in the State courts of Tennessee under the Post-Conviction Procedure Act of 1967. We construe this statute as permitting Rutter to challenge any of his State convictions on federal constitutional grounds without first completing the serving of sentences under other State convictions which are unchallenged.

T.C.A. § 40–3805 provides as follows:

"*40–3805. When relief granted.*— Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either Constitution requires retrospective application of that right. [Acts 1967, ch. 310, § 4.]"

In T.C.A. § 40–3802 the time for filing the petition in the State courts is prescribed as follows:

"*40–3802. When prisoners may petition for post-conviction relief.*—A *prisoner in custody under sentence* of a court of this state *may petition* for post-conviction relief under this chapter *at any time* after he has exhausted his appellate remedies or his time for appeal in the nature of a writ of error has passed and *before the sentence*

*has expired or has been fully satisfied.* [Acts 1967, ch. 310, § 1]" (Emphasis supplied.)

■ This language of the 1967 statute would permit Rutter to challenge any sentence under which he is in custody at any time "before the sentence has expired or has been fully satisfied." We find no language in the Act to suggest that the Tennessee Legislature intended that a prisoner in Rutter's situation would be "in custody" only as to sentences he does not challenge as invalid, and not "in custody" as to the aggregate of the consecutive sentences imposed upon him. Such a narrow construction of the words "in custody" would represent "an indefensible barrier to prompt adjudication of constitutional claims" in Tennessee courts. *See* Peyton v. Rowe, 391 U.S. 54, 55, 88 S.Ct. 1549, 1550, 20 L.Ed.2d 426. We do not construe the decision in Ussery v. Avery, *supra*, as requiring such an interpretation.

Recent decisions of the Tennessee Court of Criminal Appeals hold squarely that the relief prescribed under the Post-Conviction Procedure Act of 1967 is not controlled by Ussery v. Avery, *supra*. In Porter v. State, 455 S.W.2d 159, that court said:

"We are aware of the provisions of T.C.A. § 23–1823 and the rigid requirements of Ussery v. Avery, [222], Tenn. [50], 432 S.W.2d 656, but we are of the opinion that these authorities apply to habeas corpus cases and not to cases under the provisions of the Post Conviction Procedure Act." *Id.* at 160.

In Richmond v. Russell, 454 S.W.2d 155, the State Court of Criminal Appeals said:

"We are aware of the strict requirements of Ussery v. Avery, supra, but as pointed out in the Attorney-General's brief, this petition, though styled petition for writ of habeas corpus, is, we think one for post-conviction relief under the provisions of T.C.A. §§ 40–3801 to 40–3808 and may be so treated in the trial court.

"T.C.A. § 40–3808 provides:

'40–3808. *Petitions for habeas corpus may be treated as petitions under this chapter.*—A petition for habeas corpus may be treated as a petition under this chapter when the relief and procedure authorized by this chapter appear adequate and appropriate, notwithstanding anything to the contrary in title 23, chapter 18 of the Code, or any other statute. (Acts 1967, ch. 310, § 7.)'

"We think the relief and procedure authorized by the Post-Conviction procedure Act appear adequate and appropriate for the adjudication of the questions raised in the petition." *Id.* at 158.

We hold that the Tennessee Post-Conviction Procedure Act of 1967 provides a presently available State court remedy which Rutter has not exhausted.

We affirm the denial of the writ of habeas corpus, without prejudice to the right of Rutter to seek relief in a subsequent action in the District Court after he has exhausted his available State court remedies.