# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1996 SESSION



FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

EUGENE MONTGOMERY

    Appellant,

V.

STATE OF TENNESSEE

    Appellee,

)C.C.A. No. 03C01-9507-CC-00189
)
) Carter County
)
) Hon. Arden L. Hill, Judge
)
)(Post-Conviction Relief)

FOR THE APPELLANT:

A. James Andrews
Attorney at Law
606 W. Main St.
Knoxville, Tn. 37902

FOR THE APPELLEE:

Charles W. Burson
Attorney General and
Michael J. Fahey
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tn. 37243

Kenneth Baldwin
Assistant District Attorney
900 E. Elk Ave.
Elizabethton, Tn. 37643

OPINION FILED: _____

**REVERSED AND REMANDED**

**CHARLES LEE**,
Special Judge

O P I N I O N

This is an appeal as of right from a judgment of the trial court summarily dismissing the appellant's petition for post-conviction relief. The appellant originally filed a writ of habeas corpus. The trial court apparently treated the writ as a petition for post conviction relief and dismissed the petition without appointing counsel or conducting an evidentiary hearing. The judgment of the trial court is reversed. This matter is remanded to the trial court for an appointment of counsel and an evidentiary hearing.

The appellant filed a suit for habeas corpus relief on October 29, 1992. The petition alleged that the appellant entered into a plea bargain agreement to settle an aggravated assault charge. According to the petition, the appellant and the State agreed his sentence for aggravated assault would run concurrently with a parole violation. The appellant asserts that he should be granted relief from his conviction because his sentence is illegal and the judgment is void.

The state filed an answer urging the trial court to consider the matter as a post conviction petition, generally denying the allegations of the petition and alleging no deprivation of a constitutional right.

The trial court dismissed the matter referring to the action as a "post conviction writ" simply stating that the "... petitioner has not stated a cause of action that has not been already in effect..."

It is unnecessary to address whether this matter should be treated as a habeas corpus or post conviction to resolve the issues. We note, however, that in this jurisdiction a trial court has the discretion to treat a suit for habeas corpus as a suit for post-conviction relief if the remedy is adequate and appropriate to resolve the grounds raised. Tenn. Code Ann. § 40-30-108. This Court has held that a trial court should treat a habeas corpus suit as a suit for post-conviction relief when the pleadings of the parties do not comport with the requirements applicable to habeas corpus suits, Trolinger v. Russell, 1 Tenn. Crim. App. 525, 446 S.W.2d 538 (1969); or the limited relief in habeas corpus suits prevents an adjudication on the grounds raised by the petitioner, but the grounds are cognizable in a post-conviction suit. See Porter v. State, 2 Tenn. Crim. App. 437, 455 S.W.2d 159 (1970); Richmond v. Russell, 2 Tenn. Crim. App. 345, 454 S.W.2d 155 (1970).

The trial court was authorized to treat this matter as one for post-conviction relief. The judgments entered by the trial court, if illegal, are voidable as opposed to being void. See State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978); Henderson v. State, 220 Tenn. 520, 419 S.W.2d 176 (1967). The writ of habeas corpus will not "lie to liberate a person imprisoned under a voidable judgment as opposed to one which is void." State v. Henderson, 640 S.W.2d 56, 57 (Tenn. Crim. App. 1982).

The resolution of this matter is controlled by Henderson v. State, supra. In Henderson the defendant committed a robbery with a deadly weapon while on parole for a previous conviction. The parties entered into a plea bargain

3

agreement. It was agreed that the defendant would plead guilty to simple robbery, the maximum sentence would be five (5) years, and the sentence would be served concurrently with the previous sentence. Later, the appellant challenged the validity of his conviction on the ground the sentence was illegal. It was conceded that the trial court was powerless to order that the sentences would be served concurrently as the applicable statute mandated that the sentences must be served consecutively. The trial court set aside the conviction following an evidentiary hearing. The State appealed the judgment. In affirming the judgment of the trial court, the Supreme Court said:

> After having thought about the matter, heard able arguments, read the record and authorities, we agree that the trial judge was correct in his ruling herein.
>
>     * * * * * *
>
> Here, there was no official misrepresentation. The argument is made as to what they thought would happen, and it just was not right. When it appears that this is true the accused should be allowed to withdraw his plea.
>
> 220 Tenn. at 525, 419 S.W.2d at 178, 179.

Upon remand the appellant shall be given the opportunity to amend his pleadings with the guiding hand of counsel. Thereafter, the trial court shall conduct an evidentiary hearing on the grounds raised in the appellant's pleadings.

 

 

_____
Charles Lee, Special Judge

4

CONCUR:


_____
Paul G. Summers, Judge


_____
Joseph M. Tipton, Judge