IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

January 7, 2026 Session

## CARLOS ORTIZ v. STATE OF TENNESSEE ET AL.

**Appeal from the Criminal Court for Shelby County**
**No. 09-05233      Lee V. Coffee, Judge**

_____

### No. W2025-00632-CCA-R3-HC

_____

The Petitioner, Carlos Ortiz, acting pro se, appeals from the order of the Shelby County Criminal Court summarily dismissing his petition seeking habeas corpus relief.  After review, we affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which J. ROSS DYER, and MATTHEW J. WILSON, JJ., joined.

Carlos Ortiz, Memphis, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; and Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In August 2009, a Shelby County Grand Jury returned an indictment charging the Petitioner with aggravated sexual battery.  In August 2010, the Petitioner entered a best interest plea to attempted aggravated sexual battery and received a three-year sentence of probation. The original judgment also stated that "[p]ursuant to [Tennessee Code Annotated section] 39-13-524, the [Petitioner] is sentenced to community supervision for life following sentence expiration."  The Petitioner did not file a direct appeal.

In September 2024, the Petitioner filed a pro se petition for writ of habeas corpus.[1] As relevant here, the Petitioner first argued that the indictment returned by the grand jury was void because the indictment listed a Shelby County sheriff as the prosecutor of the indictment. The Petitioner also contended that the trial court lacked jurisdiction because his "arrest was conducted without an arrest warrant capias as required by [Tennessee Rules of Criminal Procedure Rule] 9." Finally, the Petitioner argued that this Court wrongly decided that Tennessee Code Annotated sections 39-13-524 through 526 were constitutional in State v. Kennedy, No. E2011-00769-CCA-R3-CO, 2012 WL 2109286, at *1 (Tenn. Crim. App. June 12, 2012), and that being placed on community supervision for life was unconstitutional in violation of double jeopardy protections. The Petitioner stated the following:

> [The Tennessee] statute classifies the act of [Aggravated Sexual Battery] as a "second-degree" offense for anyone to knowingly and intentionally engage in sexual contact with a minor under the age of 13 years. Tenn. Code Ann. § 39-13-504(4). Such an offense, for a Standard, Range I offender, is punishable by imprisonment for "between eight [8] years and [ten] (10) years." Tenn. Code Ann. § 40-35-112. A separate statute, sic, provides for an "extended term" of [community supervision for life] without any additional finding by the judge or a jury. Tenn. Code Ann. § 39-13-524. The extended term authorized [by the statute for the second-degree offense is parole supervision for life]. Tenn. Code Ann. § 39-13-524 et. seq. Apprendi v. New Jersey, 530 U.S. 468-469 (2000).

> SCOTUS [found] it uncontroversial that a major departure [from the sentencing range] should be supported by a more significant justification than a minor one. Gall v. U.S., 522 U.S. 38 (2007);128 S.Ct. 597[.] In the case at bar there was no such significant justification[.] In fact, there was no justification.

---

[1] The Petitioner's pro se filing was entitled, "Petition for Writ of Habeas Corpus." However, the petition included the following claims: ineffective assistance of counsel based on trial counsel's failure to file various motions and to have "any fact which increased the maximum penalty brought under indictment[;]" trial counsel's failure to "advi[s]e or confer between counsel and defendant as to his right to have the community supervision enhanced punishment . . . to be brought under the indictment[;]" trial counsel's failure to join the offense of conviction with the community supervision for life provision; allegations of various constitutional violations including the Sixth Amendment because the indictment did not properly notify him of the charges; and the Fifth Amendment because the Petitioner was allegedly prosecuted for the same offense after conviction and subjected to multiple punishments for the same offense.

On April 7, 2025, the habeas court issued an extensive order summarily dismissing the Petitioner's petition for "failure to assert a colorable claim." As relevant here, the court made the following findings of fact:

[Following entry of his guilty plea,] the Petitioner filed a writ of habeas corpus challenging the validity of his guilty plea and the direct consequences of his guilty plea. The Petitioner alleges that his sentence was illegal because of a defective indictment, prosecutorial misconduct, ineffective assistance of counsel, a warrantless and unlawful arrest. The Petitioner alleges that a capias was never issued for his arrest. As a result of the Tennessee Legislature closing Criminal Court Division IX, this petition was randomly transferred to Criminal Court Division VII on September 11, 2024.

. . . .

The Petitioner alleges that an arrest warrant was never issued by the grand jury. That is absolutely untrue. The Grand Jury indicted the [P]etitioner on August 13, [2009]. Subsequently, the [Petitioner] was arrested on the capias warrant on August 15, [2009]. The [Petitioner] posted a $50,000.00 bond on September 1, [2009] (see attached documents). The Petitioner ignores the fact that he was properly sentenced as permitted by law. The trial court acted within its jurisdiction when sentencing the [Petitioner], and he has not presented a colorable claim that his sentence is illegal.

The [P]etitioner alleges that [Sherriff's Deputy] was listed as a witness and a prosecutor of this indictment to the Grand Jury. [Sherriff's Deputy] is an employee of the Shelby County Sheriff's Office. He simply presented these allegations to the Grand Jury. As is customary in all counties in Tennessee, prosecutors do not usually appear before the Grand Jury, as the prosecutor has no direct knowledge of a criminal investigation that is being presented. Therefore, these allegations are usually presented by law enforcement officers. There is absolutely no merit to this frivolous allegation.

It was the sole prerogative of the grand jury as to what charge would be alleged against the defendant in the indictment, and there is no proof that anyone interfered with the grand jurors in the performance of their duties. Buckingham v. State, 540 S.W.2d 660, 664 (Tenn. Crim. App. 1976). A claim of abuse of the grand jury process presented in a motion for new trial or on appeal is subject to harmless error analysis. See United States v. Jenkins, 904 F.2d 549, 559-60 (10th Cir.1990); see also Tenn. R. App. P. 36(b)[;]State v. Mangrum, 403 S.W.3d 152, 166 (Tenn. 2013).

- 3 -

The Petitioner is not entitled to relief on this issue. This issue has been addressed by our Appellate Courts and has been decided against the [P]etitioner. This [P]etitioner has failed to state any legal grounds on which the Court can consider this unfounded request that was presented in this motion. This [P]etitioner has filed this false motion challenging his conviction and **legal** sentence. (emphasis in original). This motion is absolutely without any merit as this sentence is in fact [legal].

The Petitioner ignores the fact that he was properly sentenced as permitted by law. The trial court acted within its jurisdiction when sentencing the Defendant, and he has not presented a colorable claim that his sentence is illegal. The Petitioner is not entitled to relief on this issue. [The trial court] ordered that the petitioner be placed under lifetime community supervision and register as a violent sex offender as direct consequences of this guilty plea (see attached orders) pursuant to T.C.A. []39-13-524 . . .

. . . .

The [P]etitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding, ergo, this petition shall be dismissed. Had [the trial court] not ordered lifetime community supervision as a direct consequence of the guilty plea for the offense of attempted aggravated sexual battery, the plea would be void. The [P]etitioner alleges that his [three-year] sentence was converted to a life sentence is absolutely meritless. A petition for writ of habeas corpus may be used only to challenge a void judgment, not one that is merely voidable. Taylor v. State, 995 S.W.2d 78 (Tenn. 1999). A void judgment is one that is facially invalid because the convicting court did not have the statutory authority to render its judgment. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or the judgment in order to demonstrate its voidableness. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998).

In this case, the trial court correctly sentenced the [P]etitioner. These allegations are not proper claims for habeas corpus relief because, even if taken as true, this would not result in a void judgment. Undoubtedly, the allegations do not challenge the jurisdiction of the convicting court in adjudicating the criminal charges. Therefore, the judgments of convictions entered against the [P]etitioner are facially valid, and the judgments likewise establish that the [P]etitioner's lifetime supervision has not yet expired. Consequently, the trial court should dismiss the habeas corpus petition as the

[P]etitioner has failed to present any legal grounds to consider this paper writing.

The order of the habeas court continued to support the above determination with the law governing habeas corpus relief. The order also dismissed the Petitioner's filing on alternative grounds, having interpreted the Petitioner's filing as a petition seeking error coram nobis relief or a petition seeking post-conviction relief. It is from this order that the Petitioner now appeals.

## ANALYSIS

In seeking a writ of habeas corpus relief, the Petitioner contends (1) the habeas corpus court "fail[ed] to apply the correct statutory standard" when dismissing his petition; (2) the trial court lacked jurisdiction to render a judgment due to "multiple jurisdictional defects" in his indictment;[2] (3) the habeas court's dismissal of his petition was "tainted by the appearance of impropriety, judicial bias, improper commentary, and conduct that undermined public confidence in the impartiality of the judiciary"; and (4) the habeas corpus court's dismissal of his petition without a hearing, appointment of counsel, and opportunity to amend was improper. In response, the State argues that the Petitioner failed to show that the trial court lacked jurisdiction and the habeas court did not err in summarily denying the petition. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)).

---

[2] We have combined the Petitioner's constitutional claims in this section for clarity.

- 5 -

"A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

**I. Alleged Procedural Irregularities.** In the first section of his brief, the Petitioner argues that the order of the habeas corpus court was procedurally flawed because it "fail[ed] to apply the correct statutory standard" in dismissing the habeas corpus petition for "failure to state a colorable claim." The Petitioner contends the order of the habeas court should be vacated because the court conflated the "discretionary standard" for post-conviction petitions with the mandatory nature of habeas corpus review. We disagree. The Petitioner's habeas corpus petition explicitly included overlapping claims of ineffective assistance of counsel and actual innocence. The order of the habeas court set forth three individual sections, each addressing habeas corpus, ineffective assistance of counsel, and error coram nobis, along with corresponding law that supported separate grounds for summary dismissal. See Richmond v. Russell, 2 Tenn. Crim. App. 345, 454 S.W.2d 155 (1970) (noting that "a trial court has the discretion to treat a suit for habeas corpus as a suit for post-conviction relief if the remedy is adequate and appropriate to resolve the grounds raised"). In our view, the Petitioner misapprehends the alternative grounds provided in the

habeas court's order, which stemmed from the overlapping issues contained in the Petitioner's twenty-seven-page habeas corpus filing. Upon review, we detect no error in the habeas court's order establishing the applicable law. Even if the habeas court misapplied the law, appellate review of the summary dismissal of a habeas corpus petition is de novo without a presumption of correctness. Accordingly, the Petitioner is not entitled to relief.

**II.  Challenges to the Indictment.**  The Petitioner argues that there are "three jurisdictional defects" that rendered his indictment defective, and, thus deprived the trial court of jurisdiction. Tennessee law permits habeas corpus challenges to indictments only in limited circumstances. "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (noting that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus only when the indictment is so defective as to deprive the court of jurisdiction")).

First, the Petitioner argues that his indictment was defective because a Shelby County sheriff signed it as the prosecutor and a witness. The Petitioner contends that the sheriff was unlawfully "acting in a prosecutorial capacity," rendering the indictment void. In its order denying relief, the habeas corpus court found that this argument was without merit, noting that it is "customary in all counties in Tennessee" for a law enforcement officer to present the allegations of an indictment. The habeas court continued to observe that it is "the sole prerogative of the grand jury as to what charge would be alleged against the defendant in the indictment, and there is no proof that anyone interfered with the grand jurors in the performance of their duties." Moreover, the habeas court reasoned that "a claim of abuse of the grand jury process presented in a motion for a new trial or on appeal is subject to harmless error analysis." We agree with the determination of the habeas court. See e.g., Taylor v. State, 544 S.W.2d 897, 900 (Tenn. Crim. App. 1976) (finding no impropriety in an officer being listed as the prosecutor on the indictment and reasoning that a defendant's conviction depends not upon the validity of the arrest warrant or proceedings incident thereto, but upon the indictment, and the grand jury having inquisitorial powers over the offense). Accordingly, the Petitioner has failed to show that the sheriff being listed as the prosecutor and a witness on the indictment rendered the indictment "so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

Second, the Petitioner contends that his indictment is defective because it failed to include the community supervision for life (CSL) provision. As to this claim, the Petitioner does not contend that he was not informed of the CSL provision prior to his guilty plea, nor was the provision omitted from his judgment form. See Ward v. State, 315 S.W.3d 461, 476 (2010) (because placement on CSL is a direct and punitive consequence, due

process principles require defendants to be informed of this requirement prior to entering a valid guilty plea to sex crimes listed in Tennessee Code Annotated section 39-13-524); State v. Nagele, 353 S.W.3d 112 (2011) (same). Instead, the Petitioner attempts to collaterally attack his judgment by arguing that trial counsel was ineffective in failing to challenge the omission of the CSL provision from the indictment, that his guilty plea was unknowing and involuntary based on trial counsel's deficiencies, that the trial court's imposition of community supervision for life violated double jeopardy protections; and various other constitutional challenges to the omission of the CSL provision from the indictment. Because the appropriate vehicle to raise such constitutional claims is a timely petition for post-conviction relief, not a petition for writ of habeas corpus, the Petitioner is not entitled to relief. See Archer, 851 S.W.2d at 163 (reaffirming that "[t]he Post-Conviction Procedure Act . . . provides the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered"); Hickman, 153 S.W.3d at 20 (explaining that a petition for a writ of habeas corpus attacks void judgments, while a post-conviction petition attacks judgments that are void or voidable "because of the abridgement of constitutional rights"); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (recognizing that constitutional challenges to convictions should be made in a post-conviction proceeding, rather than a habeas corpus proceeding); see also Carlton v. State, No. W2012-02449-CCA-R3-HC, 2013 WL 3701911, at *3 (Tenn. Crim. App. July 11, 2013) ("Even if this [double jeopardy] claim had some viability, however, it is not cognizable in a habeas corpus proceeding; a conviction that runs afoul of double jeopardy principles is not void and is not subject to habeas corpus relief."); Davis v. Jones, No. M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App. July 30, 2014) "[A] violation of principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief.").

Nevertheless, the Petitioner relies primarily on Apprendi v. New Jersey, 530 U.S. 466, 476 (2000), and argues that being placed on CSL increased his three-year sentence to a "lifetime restraint of liberty," and therefore, the CSL provision must have been included in his indictment. Tennessee Code Annotated section 39-13-524 mandates that "[i]n addition to the punishment authorized by the specific statute prohibiting the conduct, a person shall receive a sentence of community supervision for life who . . . commits a violation of . . . § 39-13-504 [attempted aggravated sexual battery]." Tenn. Code Ann. § 39-13-524(a)(1) and (3). The statute specifically provides "[t]he judgment of conviction for all persons to whom subsection (a) applies shall include that the person is sentenced to community supervision for life." Id. "The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs." Tenn. Code Ann. § 39-13-524(c). After fifteen years of

supervision, a person may petition the sentencing court for release from community supervision.  See Tenn. Code Ann. § 39-13-525.

The Apprendi doctrine requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  530 U.S. at 476. Community supervision for life does not implicate this principle because it is not an enhancement based on additional judicial fact-finding.  Rather, it is the prescribed statutory punishment itself for the enumerated offenses.  Moreover, in Tennessee, a trial court has an affirmative duty to ensure that a defendant is informed of the CSL provision before accepting a guilty plea, thereby waiving any constitutional infirmity under Apprendi.  As such, the CSL provision in this case falls outside the scope of Apprendi because it operated automatically upon the Petitioner's guilty plea to and conviction of attempted aggravated sexual battery.  Because the Petitioner has failed to establish that his indictment is so defective as to deprive the trial court of jurisdiction, he is not entitled to relief.

Third, the Petitioner contends that his judgment is void because he was arrested without a valid arrest warrant or capias.  In his brief, the Petitioner insists "that the General Sessions Court issued the Capias and set bond after the grand jury returned the indictment divesting the Criminal Court of jurisdiction over the person."  According to the Petitioner, because the action of the General Sessions court was "null and void" the order or judgment of the Criminal Court was "a complete nullity."  As presented in his habeas corpus petition, however, the Petitioner challenged the "existence" of a capias issued on August 14, 2009. The Petitioner asserted that he was arrested by Memphis Police Officers, who then transferred custody to the Shelby County Sheriff.  The Petitioner asserted that during this process, he was not advised of his Miranda rights, nor provided with a copy of the arrest warrant/capias.  Throughout the argument section of his petition, the Petitioner referred to the capias or warrant as "missing" and contended that upon return of the indictment, he was arrested without a capias.  In support of this claim, he asserted that the clerk of the criminal court did not have an electronic copy of the capias and that trial counsel had previously filed a "motion to dismiss for illegal arrest."[3]  In rejecting this issue, the habeas court noted that the Petitioner alleged that an arrest warrant was never issued by the grand jury.  The court noted that the grand jury indicted the Petitioner on August 13, 2009, and that the Petitioner was arrested on the capias warrant on August 15, 2009.  It is clear from the record that the Petitioner did not raise the issue presented on appeal in his petition for habeas corpus relief, thereby precluding the habeas corpus court from ruling on it.  See

_____

[3] Throughout the petition, the Petitioner notes that he had been attempting to obtain the capias or warrant from the clerk's office; however, he had been advised that it was unavailable at that time.  The Petitioner also attached a copy of trial counsel's pre-trial motion to dismiss for "illegal arrest and/or motion to suppress evidence and or motion in limine."  Said motion asserted, among other things, that the Petitioner was arrested without probable cause necessary to establish a valid warrant.

- 9 -

Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the [trial] court will generally not be addressed on appeal."); State v. Alder, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001) ("[A] petitioner may not change theories between the lower court and the appellate court."); State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994) ("[A] party will not be permitted to assert an issue for the first time in the appellate court."). Because challenging the existence of an arrest warrant is an entirely different issue from challenging its validity, we conclude that this issue is waived. Accordingly, the Petitioner is not entitled to relief.

**III. Recusal.** Next, the Petitioner seeks to vacate the habeas court order, recuse the habeas court judge, and remand the matter to another habeas court because the dismissal was "tainted by the appearance of impropriety, judicial bias, improper commentary, and conduct that undermines public confidence in the impartiality of the judiciary." The Petitioner claims that the order "lacked the 'cold neutrality demanded of a court'" because it described the petition as "'false,' 'frivolous,' and 'deliberately untruthful' repeatedly throughout." He also argues that the timing of the dismissal "[s]uggests [s]trategic [o]bstruction" of "meaningful review of a void judgment."

We recognize that "all litigants have a right to have their cases heard by fair and impartial judges." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, [and] lawyers" and must perform his or her judicial duties without bias or prejudice. Tenn. Sup. Ct. R. 10, R.J.C. 2.3(A) & 2.8(A). In reviewing a claim of judicial bias, "[a]ny comments made by the trial court must be construed in the context of all the facts and circumstances to determine whether a reasonable person would construe those remarks as indicating partiality on the merits of the case." Alley v. State, 882 S.W.2d 810, 822 (Tenn. Crim. App. 1994). The "issue to be determined is not the propriety of the judicial conduct of the trial judge, but whether [the judge] committed an error which resulted in an unjust disposition of the case." State v. Hurley, 876 S.W.2d 57, 64 (Tenn. 1993) superseded by statute, 1995 Tenn. Pub. Acts ch. 53 § 1, as recognized in State v. Powers, 101 S.W.3d 383 (Tenn. 2003).

An objective test is applied to determine whether recusal of a judge is proper because the appearance of bias is just as injurious to the integrity of the courts as actual bias. Cook v. State, 606 S.W.3d 247, 254-55 (Tenn. 2020); State v. Cannon, 254 S.W.3d 287, 307 (Tenn. 2008) (citations omitted). Therefore, recusal is warranted (1) if a judge has any doubt concerning his or her ability to preside over a case impartially or neutrally, or (2) when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. Id. The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that

- 10 -

works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." Alley, 882 S.W.2d at 821.

To disqualify a judge, "prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case." Id. As relevant to the Petitioner's concerns, we observe

> Forming an opinion of litigants and issues based on what is learned in the course of judicial proceedings is necessary to a judge's role in the judicial system. Liteky v. United States, 510 U.S. at 550-51, 114 S.Ct. 1147 ("If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.") (quoting In re J.P. Linahan, Inc., 138 F.2d 650, 654 (2d Cir. 1943)). As such, an opinion formed on the basis of what a judge properly learns during judicial proceedings, and comments that reveal that opinion, are not disqualifying unless they are so extreme that they reflect an utter incapacity to be fair. See Alley, 882 S.W.2d at 821 ("[I]f the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial."). Judicial expressions of impatience, dissatisfaction, annoyance, and even anger towards counsel, the parties, or the case, will not ordinarily support a finding of bias or prejudice unless they indicate partiality on the merits of the case. Id. at 822. Likewise, adverse rulings of a trial judge, even if erroneous, numerous, and continuous, are generally proper grounds for appeal, not for recusal. Id. at 821-22.

Cain-Swope v. Swope, 523 S.W.3d 79, 89 (Tenn. Ct. App. 2016).

Finally, "[a] judge is obligated not to hear or decide matters in which disqualification is required, even though a motion to disqualify is not filed." Tenn. Sup. Ct. R. 10, R.J.C. 2.11, cmt. 2. Rule of Judicial Conduct 2.11(A) enumerates six specific circumstances in which recusal is required, even if a motion for recusal is not filed. Tenn. Sup. Ct. R. 10, R.J.C. 2.11(A)(1)-(6). But the six listed circumstances are illustrative not exclusive, and "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Tenn. Sup. Ct. R. 10, R.J.C. 2.11(A) (emphases added); see also Cook v. State, 606 S.W.3d 247, 254-55 (Tenn. 2020)(citing In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (quoting Offutt v. United States, 348 U.S. 11, 14 (1954)).

Applying the above legal framework to this issue, we conclude that the Petitioner is not entitled to relief. The focus of the Petitioner's claim seeking to vacate the habeas court order, recuse the habeas court judge, and remand the matter to another habeas court stems

from the words used by the habeas court in its order summarily dismissing the petition. We note that the Petitioner's petition for habeas corpus relief contained sweeping conclusions and factual assertions in support of his claim that his sentence had expired or was illegal and that his judgment was void. The Petitioner correctly asserts that the order of the habeas court described the Petitioner's petition as false, frivolous, and deliberately untruthful. However, a fair reading of the order of the habeas court was in direct response to many of the Petitioner's assertions, which were indeed factually incorrect. While the words used by the habeas court in rejecting these claims may have appeared harsh to a pro se litigant, the habeas court formed its opinion of the Petitioner's claims during judicial proceedings, the comments revealed its opinion, and the comments were not so extreme to reflect an utter incapacity to be fair. The judge's comments were neither of a personal character nor did they stem from an extrajudicial source other than what the judge learned from participation in the case. In effect, the Petitioner is challenging the adverse ruling of the habeas court, which cannot serve as a ground for recusal.

The Petitioner also asserts that the habeas court's failure to act instanter, as required by Tennessee Code Annotated section 29-21-108(a) and (b), further demonstrates the court's bias, prejudgment, and the need for recusal. The Petitioner insists the habeas court engaged in "strategic obstruction" based on the timing of the issuance of the order. The record shows that the Petitioner's filing was transferred to the habeas court by the clerk of court because the original criminal court it was assigned to was dissolved by the Tennessee legislature. In the Petitioner's brief, he argues that the habeas court did not act on his petition until after he had filed for relief in Chancery Court, approximately seven months after his original petition was filed.

Tennessee Code Annotated section 29-21-108 provides that, when upon application for writ of habeas corpus:

(a) It is the duty of the court or judge to act upon such applications instanter.
(b) A wrongful and willful refusal to grant the writ, when properly applied for, is a misdemeanor in office, besides subjecting the judge to damages at the suit of the party aggrieved.

We question whether section 29-21-108(a) and (b) apply to habeas petitions that do not state a cognizable claim for relief. However, we need not resolve this issue in this case because, even if the habeas court failed to act instanter as required under Section 29-21-108(a), it does not demonstrate that the court was biased against the Petitioner or his case. More importantly, even if we assume that the failure to act immediately upon a writ for habeas corpus constitutes a refusal to grant the writ, as noted above, a writ of habeas corpus may be had only when, upon the face of the judgment or proceedings, a court acted without authority to restrain a person. Arnold ex rel. Arnold v. Kennedy, No. M2011-02480-COA-

R3-CV, 2013 WL 2423901, at *6 (Tenn. Ct. App. May 31, 2013). In this case, we have already concluded that the trial court had jurisdiction to accept the Petitioner's guilty plea and that his judgment is not void.

Based on this record, a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would not find a reasonable basis for questioning the judge's impartiality. Accordingly, the Petitioner is not entitled to relief.

**IV. Dismissal of the Habeas Petition.** Lastly, the Petitioner argues that he is entitled to habeas corpus relief because the habeas court "denied [the Petitioner] the procedural protections guaranteed under the Fourteenth Amendment of the United States Constitution . . . including, but not limited to the right to a hearing, appointment of counsel, and opportunity to amend." This court has held that a habeas court may summarily dismiss a pro se habeas petition, without the appointment of counsel or an evidentiary hearing, where it is clear from the petitioner's filings that no cognizable claim for relief has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261-62; Hickman, 153 S.W.3d at 16. We reiterate that none of the Petitioner's claims state a cognizable claim for habeas corpus relief. Accordingly, the habeas corpus court was not required to appoint the Petitioner counsel or conduct a hearing before summarily dismissing the petition. See Hickman, 153 S.W.3d at 20.

## CONCLUSION

Upon review of the record and applicable law, we conclude that nothing in the record demonstrates that the trial court lacked jurisdiction to accept the Petitioner's guilty plea, impose the sentence, or that the Petitioner's sentence has expired. Accordingly, the Petitioner is not entitled to habeas corpus relief and summary dismissal of the petition was proper.

s/ **Camille R. McMullen**
CAMILLE R. MCMULLEN, JUDGE

- 13 -